IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jerome Will James, #288382, | ) | |
| | ) | C/A No. 9:05-2733-DCN-GCK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER and OPINION** |
| | ) | |
| Lt. Willie Davis and A.W. Robin Chavis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff Jerome Will James's constitutional claims arising from the conditions of his confinement in the Evans Correctional Institution, South Carolina Department of Corrections. Proceeding pro se, he seeks relief from defendants Lt. Willie Davis and Associate Warden Robin Chavis in their individual capacities. The record includes a Report and Recommendation ("Report") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B) (West 2003). The court adopts the magistrate judge's thorough recitation of this action's factual background, and will highlight only those facts pertinent to the forgoing analysis.

## I. PROCEDURAL HISTORY

The magistrate judge denied defendants' motion for summary judgment, finding (1) defendants could not raise failure to exhaust administrative remedies as a defense; (2) plaintiff's allegation that defendants deprived him of a mattress, sheets or blankets for five months amounted to an Eighth Amendment violation; and (3) that qualified immunity did not apply. Defendants object to the latter two findings, and contend the magistrate judge did not address portions of their summary judgment motion concerning other possible constitutional claims. These objections are addressed below.

**II.     STANDARD OF REVIEW**

This court must conduct a de novo review of any portion or portions of the magistrate judge's Report to which an objection is made, and may accept, reject, or modify the recommendations contained therein. 28 U.S.C. § 636(b)(1). However, this court need not review any findings or recommendations to which neither party objects. Thomas v. Arn, 474 U.S. 140, 150 (1985). A party's failure to object constitutes an acceptance of the magistrate judge's findings and recommendations. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984) (adopting interpretation of 28 U.S.C. § 636 which conditions appeal from district court's judgment on magistrate judge's recommendation on party's filing of objections with the district court); Thomas, 474 U.S. at 155 (upholding similar procedural rules). A general objection which is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" is inadequate to obtain district court review. Page v. Lee, 337 F.3d 411, 416 n. 3 (4th Cir. 2003) (quoting United States v. 2121 E. 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996)).

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Evidence should be viewed in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

(1986).  However, a "mere scintilla" of evidence will not preclude summary judgment.  The court's inquiry is "not whether there is literally no evidence, but whether there is any [evidence] upon which a jury could properly . . . find a verdict for the party" resisting summary judgment.  Id. at 251.

### III.    PRO SE PETITIONS

Petitioner is proceeding pro se in this case.  Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978).  A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

### IV.    ANALYSIS

#### a.    Eighth Amendment/Qualified Immunity

Defendants object to the Report's conclusion that defendants' actions constituted an Eighth Amendment violation, and that qualified immunity does not apply.

Qualified immunity "shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mazuz v. Maryland, 442 F.3d 217, 225 (4th Cir. 2006).  This theory "protects

3

law enforcement officers from 'bad guesses in gray areas' and ensures that they are liable only for 'transgressing bright lines.'" Waterman v. Batton, 393 F.3d 471, 476 (4th Cir. 2005) (quoting Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir.1992)). In considering the applicability of qualified immunity, the court must "(1) identifi[y] . . . the specific right allegedly violated; (2) determin[e] whether at the time of the alleged violation the right was clearly established; and (3) if so, then determin[e] whether a reasonable person in the officer's position would have known that doing what he did would violate that right." Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992).

The first inquiry focuses on whether the deprivation of a mattress, sheets and blanket for five winter months constitutes a violation of the Eighth Amendment. As the Report notes, plaintiff alleges "the only reason that he was denied a mattress, sheets and a blanket for five months during the winter was because the defendants wished to punish him for engaging in an escape attempt and assaulting an officer." (Report at 31.) Plaintiff also alleges he was deprived of his "socks, boxers, t-shirts, uniforms, shoes, long johns, hygine, bedding, etc." while in the SMU. (Pl.'s opp. memo., doc. 21, at 2.) There is a disputed issue of fact as to whether plaintiff was deprived of just a mattress, or a mattress, sheet and blanket. Considering the evidence in the light most favorable to the non-moving party, the court must proceed with the latter interpretation. This court concurs with the magistrate judge's thorough analysis regarding whether plaintiff has demonstrated an Eighth Amendment violation. Defendants' objections do not raise issues not addressed squarely in the Report.

The second half of the qualified immunity test focuses on whether the

4

unlawfulness of the extended deprivation in this case was "clearly established." This prong focuses on whether the existing authority is such that the unlawfulness of the conduct is manifest. Waterman, 393 F.3d at 476. "[T]he fact that an exact right allegedly violated has not earlier been specifically recognized by any court does not prevent a determination that it was nevertheless 'clearly established' for qualified immunity purposes." Pritchett, 973 F.2d at 314. "A determination that a right is clearly established may be based on controlling authority in the jurisdiction in question or on a 'consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful.'" Waterman, 393 F.3d at 476 (quoting Wilson v. Layne, 526 U.S. 603, 617 (1999)). In the absence of cases on point, a right is clearly established if the unlawfulness is apparent in light of pre-existing law. Anderson v. Creighton, 483 U.S. 635, 640 (1987).

The court must consider whether the right to not be deprived of a mattress, blanket and sheet for five months in this context is "clearly established" such that a reasonable officer would understand his actions violated plaintiff's rights. The Fourth Circuit has found that conditions similar to those at bar violate the Eighth Amendment. In McCray v. Burrell, 516 F.2d 357 (4th Cir. 1975), a suspected mental patient challenged the conditions of an isolated confinement ("IC") area and mental observation ("MO") cell. Prisoner was held in the IC without clothes, blankets, or heat, and had only a deteriorated mattress. The MO was a barren cell, without a blanket, mattress, sink, or running water, and contained a toilet encrusted with fecal matter. Prisoner was held in both areas for approximately forty-eight hours. The Fourth Circuit found both conditions

violated the Eighth Amendment, despite the relatively short duration.

In contrast, plaintiff slept on a steel frame without a mattress, sheet or blanket for over five months. If forty-eight hours of McCray's confinement violated the Eighth Amendment, then over 150 days (approximately 3600 hours) in the analogous conditions at bar evoke the same constitutional concerns. In light of McCray, the court finds that at the time of the confinement, plaintiff's right to these items in this specific circumstance was "clearly established." Given the extraordinary length of the alleged deprivation, a reasonable person in the officers' position would know such actions were suspect.[1] As such, qualified immunity does not apply.

### b. Remaining constitutional claims

Defendants also contend the Report does not address plaintiff's claims regarding deprivation of property, violations regarding the grievance process, and allegations associated with time spent in a holding cell. Defendants seek summary judgment on claims arising from these allegations.

Plaintiff contends he was denied his property during his time in the Special Management Unit ("SMU"), including his "socks, boxers, t-shirts, uniforms, shoes, long johns, hygine, bedding, etc." (Pl.'s opp. memo., doc. 21, at 2.) To the extent plaintiff claims he was denied clothing during this period, the allegation is part of his larger Eighth Amendment claim. However, claims for deprivation of ancillary items are

---

[1] The length of the deprivation in the instant case decisively distinguishes it from other caselaw. Of the cases reviewed by this court, the longest period a prisoner was without a mattress was about one month. See, e.g., Schroeder v. Kaplan, No. 93-17123, 1995 WL 398878 (9th Cir. July 6, 1995) (unpublished) (surveying court decisions regarding mattress deprivation).

unavailing. Such allegations must be considered in the larger context of plaintiff's placement in the SMU for an assault and attempted escape. "[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes, cannot be free of discomfort." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). "To the extent such conditions are restrictive and even harsh, they are part of the penalty that criminals pay for their offenses against society." Id. at 338. As such, defendants' motion for summary judgment as to claims regarding deprivation of personal property is granted.

To the extent plaintiff's complaint states a due process violation based on alleged failures to follow the prison's grievance process, such a claim is without merit. The Fourth Circuit has held that "the Constitution creates no entitlement to [prison] grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Any due process claim premised on the grievance procedure is without legal support. Defendants' motion for summary judgment as to claims regarding due process violations based on the grievance procedure is granted.

Finally, defendants contend summary judgment on any constitutional claims arising from plaintiff's time in the temporary holding cell is proper. As noted, restrictive and/or harsh conditions are part of the penalty associated with incarceration. "Prison officials have broad administrative and discretionary authority over the institutions they manage and . . . lawfully incarcerated persons retain only a narrow range of protected liberty interests." Hewitt v. Helms, 459 U.S. 460, 467 (1983). The Supreme Court has noted "that the transfer of an inmate to less amenable and more restrictive quarters for

nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Id. at 468. Plaintiff's placement in the holding cell arose after an assault on a corrections officer and attempted escape. As such, summary judgment as to constitutional claims arising from plaintiff's placement in the temporary holding cell is proper.

## V.     CONCLUSION

For the foregoing reasons and those stated by the magistrate judge, it is therefore **ORDERED** that defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part. Pursuant to this order and the magistrate judge's Report, the only surviving allegation is plaintiff's Eighth Amendment claim concerning the conditions of his confinement during the five month period in the SMU.

**AND IT IS SO ORDERED.**

     **DAVID C. NORTON**
     **UNITED STATES DISTRICT JUDGE**

**July 31, 2006**
**Charleston, South Carolina**

8